GOTTLIEB VOLTZ v. GEORGE GRUMMETT AND BOST-WICK R. NOBLE.

*Specific performance—Time as an essential of the contract.*

*It seems* that even where time is made of the essence of a land-contract, a short delay in fulfilment after the time fixed will not necessarily defeat the right to specific performance.

Appeal from St. Clair. Submitted October 17. Decided October 31.

BILL for specific performance, and to vacate a deed executed by defendant Grummett and wife to defendant Noble, and require said Noble to quit-claim the premises to Grummett. Defendant Noble appeals. Affirmed.

*William A. Mills, Phillips & Vance* and *E. W. Harris* for complainant. Time cannot be made essential in a land contract merely by stipulating in the contract, if it would be unconscionable to allow it; *Richmond v. Robinson* 12 Mich. 193; *Jaquith v. Hudson* 5 Mich. 123; *Davis v. Freeman* 10 Mich. 188; *Daily v. Litchfield* id. 29.

*A. R. Avery*, *W. Beach* and *John Divine* for defendants. Parties to a contract have a right to make the time of performance material and where they have done so, a court of equity has no power to enforce its specific performance if the complainant has failed to perform his part of it at the stipulated time: *Stow v. Russell* 36 Ill. 18 ; *Truesdail v. Ward* 34 Mich. 117; *Hawley v. Jelly* 25 Mich. 94 ; *Bomier v. Caldwell* 8 Mich. 469; nor can equity interfere to compel a violation of an agreement nor compel a party to forego a legal right, nor prevent a party from enforcing a legal obligation: *McMurtrie v. Bennette* Har. Ch. 124.

COOLEY, J. The court of chancery decreed specific performance as prayed by complainant. He was in default in his payment but a few days, and there is not the slightest foundation for the argument made by the defense that he had abandoned the contract before tendering payment The most plausible objection to the decree is made upon the differences which are found to exist in the duplicate contracts which were received by the parties; that received by the vendor containing a provision that time should be of the essence of the contract, which was absent from the other. But we think complainant showed a clear right to specific performance under either copy.

The decree must be affirmed with costs.

The other Justices concurred.